IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:05-CR-00049-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| MICHAEL D. MACK, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Michael D. Mack's ("Mack") request for hearing and claim for exemptions. [DE-63]. The government filed a response [DE-65], and the matter is ripe for decision. For the reasons that follow, the request for hearing is denied as moot and the claimed child support exemption is allowed.

On March 22, 2006, the court entered judgment against Mack, which included $12,631.17 in restitution. [DE-36]. On September 22, 2016, a writ of garnishment was issued to Flanders Corporation, Mack's employer. [DE-60]. On October 3, 2016, Flanders answered the writ of garnishment, which detailed Mack's wages and withholding, including statutorily required withholding for child support. [DE-62]. On October 13, 2016, Mack filed a request for hearing and claim for exemptions form in which he claimed the following exemptions: (1) fuel, provisions, furniture, and personal effects; (2) unemployment benefits; (3) workmen's compensation; and (4) judgments for support of minor children. [DE-63]. The court set the matter for hearing on November 18, 2016, and ordered the government to file a response. [DE-64]. On November 10, 2016, the government responded that it would not object to any claimed exemption allowed by 18 U.S.C. § 3613, including Mack's claimed exemption for child support, obviating the need for a

hearing. [DE-65].

The sole exemptions available to a criminal debtor owing restitution are found in 18 U.S.C. § 3613(a), which provides in relevant part:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law[.]

18 U.S.C. § 3613(a). The available exemptions pursuant to subpart (1) are found in 26 U.S.C. § 6334 and include those claimed by Mack, i.e., fuel, provisions, furniture, and personal effects; unemployment benefits; workmen's compensation; and judgments for support of minor children. Here, the government seeks to garnish Mack's wages, and, therefore, exemptions for provisions, furniture, and personal effects, unemployment benefits, and workmen's compensation are not applicable. [DE-60, -62]. The claimed exemption for child support, to which the government does not object, is provided for pursuant to 18 U.S.C. § 3613(a) and 26 U.S.C. § 6334(a)(8). Accordingly, the claimed exemption for child support is allowed. There being no remaining matters in dispute, the other claimed exemptions and the request for hearing are denied as moot.

SO ORDERED, this the 17th day of November 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge